United States District Court
Southern District of Texas
FILED

JAN 2 8 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DIANA ACUNA RODRIGUEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: B-04-124 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendants. | § | |

### THE UNITED STATES OF AMERICA'S ORIGINAL ANSWER

Defendant United States of America, by and through its attorneys, MICHAEL T. SHELBY, United States Attorney for the Southern District of Texas, and Rene Carlo Benavides, Assistant United States Attorney for said district, for its Answer to Plaintiff's Complaint, states:

1. With respect to Complaint Paragraph I, Defendant admits, upon information and belief, that Plaintiff is a resident of Harlingen, Cameron County, Texas. Defendant further admits that the United States is the only proper defendant under the Federal Tort Claims Act. Defendant makes no response to the remainder of Complaint Paragraph I, consisting of procedural requests to the Clerk of the Court, as no response is required.

2. The allegations contained in Complaint Paragraph II are allegations of jurisdiction and legal conclusions for which no answer is required. However, Defendant admits that there is a post office in Cameron County, Texas, where Plaintiff alleges she fell.

3. Defendant avers that it is without sufficient information to form a belief as to the whether Plaintiff was injured on Defendant's premises, as alleged in Complaint Paragraph III, and accordingly such allegations are denied and strict proof of same will be required at trial. The remaining

allegations of Complaint Paragraph III constitute conclusions of law to which no response is required.

4. With respect to Complaint Paragraph IV, Defendant admits only that Plaintiff reported slipping on October 28, 2002. Defendant avers that it is without sufficient information to form a belief as to the remaining allegations of Complaint Paragraph III, and accordingly such allegations are denied and strict proof of same will be required at trial.

5. Plaintiff's allegations in Complaint Paragraph V claiming entitlement to damages constitute conclusions of law to which no response is required. However, to the extent such allegations may be deemed to contain allegations of fact, they are hereby denied and strict proof of such will be required at trial.

With respect to the allegations contained in the paragraph following the title "WHEREFORE", Defendant avers that the allegations contained therein constitute Plaintiff's prayer for relief to which no answer is required. However, to the extent that the aforementioned paragraphs may be deemed to contain allegations of fact, they are denied.

### Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Pursuant to 28 U.S.C. §2675(b), Plaintiff's damages, if any, are limited to the amount of the sum certain demanded in her administrative claims.

3. Plaintiff's alleged damages were sustained without any negligence, fault or want or care on the part of the United States of America.

4. The negligence, carelessness, or failure to exercise due care on the part of Plaintiff proximately caused all damages alleged by Plaintiff as giving rise to this action.

5. In the event the United States is found negligent, which negligence it denies, the negligence

of Plaintiff contributed more to causing any alleged injuries or damages than the Defendant did and, therefore, is barred from any recovery under Texas law.

6. The alleged accident did not cause Plaintiff's claimed injuries.

7. Plaintiff failed to mitigate any resulting damages.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment damages against the United States.

9. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering punitive damages against the United States.

10. Pursuant to 28 U.S.C. §2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States.

11. Pursuant to 28 U.S.C. §2402, Plaintiff is not entitled to a jury trial.

12. Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

13. Plaintiff is not entitled to any relief whatsoever. Defendant denies each and every allegation of the Complaint that has not been otherwise admitted, denied or qualified.

WHEREFORE, having fully answered the Complaint, Defendant prays that it be dismissed with prejudice and that judgment be awarded in favor of the Federal Defendant, together with costs and for such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

_____, AUSA, with permission,
For: RENE BENAVIDES
Assistant United States Attorney
1701 W. Highway 83 #600
McAllen, TX 78550
(956) 618-8010/FAX (956) 618-8016
State Bar No. 24025248
Federal I.D. No. 26215

OF COUNSEL:
Carrie M. Branson
Attorney
United States Postal Service
P.O. Box 66640
St. Louis, MO 63166-6640
Telephone:  (314) 872-5120
Fax:        (314) 872-5192

## CERTIFICATE OF SERVICE

I hereby certify that a true and a correct copy of the foregoing United States of America's

Answer and Affirmative Defenses was mailed via First-Class Mail to the following:

Heriberto "Eddie" Medrano
Attorney at Law
2009 E. Harrison, Ste. B
Harlingen, Texas 78550

on this the 28th day of January, 2005.

_____, AUSA,
For: RENE BENAVIDES
Assistant United States Attorney