UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DIANA ACUNA RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: B-04-124 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**REPORT OF MEETING AND PROPOSED
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Counsel for Defendant conferred with counsel for Plaintiff, during which the matters addressed in Rule 26(f) were discussed. The conference took place during the week of February 14, 2005.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiffs' contentions:
   Plaintiff contends that on or about October 28, 2002 she slipped and fell on loose carpet as she was entering the post office on North and New Combes Highway in Harlingen, Texas. Plaintiff was taken by ambulance to the E.R. on the day of the incident. Plaintiff contends that she sustained serious and disabling injuries because of the defective carpet. Plaintiff was hospitalized for several days and was affected as follows: that she was operated on for Enterocele repair, anterior repair and burch usethropexy; that she was operated on the bladder because of a hernia; that she was operated on the colon; that she must use pampers today; and that she received injuries to her vertebrae.

   Plaintiff contends Defendant owed Plaintiff the duty of reasonable care in maintaining its premises and is liable to Plaintiff for the following damages: physical pain and suffering;

1

loss of earning capacity; disfigurement; physical impairment; and medical care.

<u>Defendants' contentions</u>:
Defendant contends that the floor mat was in good condition and not loose. Defendant further contends that the premises were kept in a good and safe condition and the premises were well maintained. As such, Defendant contends it did not breach its duty to the plaintiff as a plaintiff owner. Moreover, Plaintiff's injuries, if any, were not proximately caused by Defendant, its premises, or by the incident which Plaintiff alleges occurred on the Premises. Plaintiff's injuries, if any, were caused by a pre-existing, degenerative or subsequent injury. Defendant further contends Plaintiff is not entitled to a jury trial. 28 U.S.C. 2402. Moreover, Plaintiff may not recover more than the sum presented to the federal agency in the administrative claim. 28 U.S.C. 2675(b). Plaintiff may not recover pre-judgment interest or punitive damages. 28 U.S.C. 2674. In addition, Plaintiff may not recover attorney's fees. 28 U.S.C. 2412(d)(1)(A).

4. Specify the allegation of federal jurisdiction.
Plaintiff alleges jurisdiction under 28 U.S.C. section 1346.

5. Name the parties who disagree and the reasons.
None

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None

7. List anticipated interventions.

   None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties anticipate that the disclosures required by Rule 26 will be made within 30 days after the initial pretrial conference.

10. Describe the proposed agreed discovery plan, including:

    A.   Responses to all the matters raised in Rule 26(f).

        A plan for completion of discovery has been devised, as set out below.

B.     When and to whom the plaintiff anticipates it may send interrogatories.

       Plaintiffs anticipate sending to Defendants, if necessary, within two months after a scheduling order is entered.

C.     When and to whom the defendant anticipates it may send interrogatories.

      Defendant anticipates sending interrogatories to Plaintiffs, if necessary, within three months after a scheduling order is entered.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

      Plaintiff anticipates taking the deposition of the Defendant within four months after the entry of a scheduling order in this case, and of experts designated by Defendant as specified below.

E.     Of whom and by when the defendant anticipates taking oral depositions.

      Defendant anticipates taking the deposition of Plaintiff within five months after the entry of a scheduling order in this case, and of experts designated by Plaintiff as specified below.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

      Plaintiff anticipates designating experts, if any, within five months, and will provide any reports at the time of designation. Defendant anticipates designating experts, if any, within six months, and will provide any reports at the time of designation.

G.     List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

      Plaintiff anticipates taking the deposition of all persons designated as experts by Defendant within 60 days after they have been designated.

H.     List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       Defendant anticipates taking the deposition of all persons designated as experts by Plaintiff within 60 days after they have been designated.

11. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    The parties are in agreement regarding discovery as set forth herein.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    Discovery should be completed within 9 months.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    None were discussed at this time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Nothing was agreed upon at this time.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Mediation may be suitable.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    .The parties do not have any objections to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Yes

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate that it will take approximately 16 hours to present all the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other pending motions.

    None

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Defendant has filed its notice.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    Counsel for Plaintiffs:
    Heriberto "Eddie" Medrano
    Attorney at Law
    2009 E. Harrison, Suite B
    Harlingen, Texas 78550'
    (956) 428 - 2412
    (956) 428 - 2495 fax
    Texas Bar # 13897800
    Federal I.D. # 5952


    Counsel for Defendants:

    Rene Carlo Benavides
    Assistant United States Attorney
    U.S. Attorney's Office, Southern Dist. of Texas
    1701 W. Hwy. 83, Suite 600
    McAllen, Texas  78501
    (956) 618-8010
    (956) 618-8016 (fax)
    Texas Bar No.24025248

Southern Dist. No. 26215

Respectfully submitted

/s/ Rene Carlo Benavides

Rene Carlo Benavides
Assistant United States Attorney
U.S. Attorney's Office, Southern Dist. of Texas
1701 W. Hwy. 83, Suite 600
McAllen, Texas  78501
(956) 618-8010     (956) 618-8016 (fax)
Texas Bar No.24025248
Southern Dist. No.26215

/s/ Rene Carlo Benavides by permission
Heriberto "Eddie" Medrano
Attorney at Law
2009 E. Harrison, Suite B
Harlingen, Texas 78550'
(956) 428 - 2412
(956) 428 - 2495 fax
Texas Bar # 13897800
Federal I.D. # 5952
Rene Carlo Benavides
Texas Bar No.24025248
Southern Dist. No.26215

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing REPORT OF MEETING AND PROPOSED JOINT DISCOVERY/CASE MANAGEMENT PLAN was on the 22 day of February, 2005, sent by fax transmission and first class mail or email to the following:

<u>Counsel for Plaintiffs</u>:
Heriberto "Eddie" Medrano
Attorney at Law
2009 E. Harrison, Suite B
Harlingen, Texas 78550'
(956) 428 - 2412
(956) 428 - 2495 fax
Texas Bar # 13897800                                              /s/ Rene Carlo Benavides
Federal I.D. # 59552                                                 Rene Carlo Benavides